UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOHN K.[1],

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

23-CV-648 (JLS)



---

### DECISION AND ORDER

Plaintiff John K. brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) of the Social Security Act, seeking review of the decision of the Commissioner of the Social Security Administration that he was not disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings. Dkt. 6–1. The Commissioner responded and cross-moved for judgment on the pleadings, to which Plaintiff replied. Dkts. 7–1, 8. For the reasons below, the Court grants Plaintiff's motion in part and denies the Commissioner's cross-motion.

---

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this decision and order identifies Plaintiff by first name and last initial.

## **PROCEDURAL HISTORY**

This action originates from Plaintiff's application for Supplemental Security Income ("SSI") filed on December 18, 2019.[2] Tr. 218–19.[3] Plaintiff's application was initially denied, and he requested a hearing before an administrative law judge ("ALJ"). Tr. 121–23. Following the hearing, at which Plaintiff was represented by counsel, ALJ Moises Penalver issued a decision finding that Plaintiff was not disabled. Tr. 15–26. Plaintiff's request for Appeals Council review was denied, after which Plaintiff commenced this action. Tr. 1–6; Dkt. 1.

## **LEGAL STANDARDS**

### I.   DISTRICT COURT REVIEW

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). The Commissioner's factual findings are conclusive when supported by substantial evidence. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a

---

[2] Plaintiff applied for SSI, which "provides benefits to each aged, blind, or disabled individual who does not have an eligible spouse and whose income and resources fall below a certain level." *Clark v. Astrue*, 602 F.3d 140, 142 (2d Cir. 2010) (quoting 42 U.S.C. § 1382(a)) (internal quotation marks omitted).

[3] The filing at Dkt. 5 is the transcript of the proceedings before the Social Security Administration. All references to Dkt. 5 are hereby denoted "Tr. __."

2

conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).

The Court does not determine *de novo* whether the claimant is disabled, but the Commissioner's conclusions of law are not given the same deferential standard of review. *See Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). If there is a reasonable basis of doubt about whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant will be deprived of the right to have his or her disability determination made according to correct legal principles." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987); *see Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)) (the Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the . . . Act.").

## II.   DISABILITY DETERMINATION

Disability under the Act is determined under a five-step test. *See Bowen v. City of New York*, 476 U.S. 467, 470–71 (1986); 20 C.F.R. § 416.920. First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 416.920(b). "Substantial gainful activity" is work activity that involves significant physical or mental activities and is normally done for pay or profit. 20 C.F.R. § 416.972. If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. 20 C.F.R. § 416.920(b).

Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. § 416.920(c). Absent such impairment, the claimant may not claim disability. *Id.*

Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 416.920(d). If such criteria are met, then the claimant is declared disabled. 20 C.F.R. § 416.920(d).

Even if the claimant is not declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is a holistic assessment of the claimant's medical impairments, both severe and non-severe, that evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. 20 C.F.R. § 416.945.

In the fourth step, the ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 416.920(f). If the claimant is capable of performing past relevant work, then the claimant is not disabled. 20 C.F.R. § 416.960(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, the analysis proceeds to the fifth and final step. 20 C.F.R. § 416.920(g)(1).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with his or her RFC, age, education, and work experience. 20 C.F.R. § 416.960(c). Here, the burden of proof shifts from the claimant to the Commissioner to prove that a significant number of jobs in the national economy exists that the claimant can perform given his or her RFC, age, education, and work experience. 20 C.F.R. §§ 416.920(g), 416.960(c); *see Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

## DISCUSSION

### I. THE ALJ'S DECISION

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since filing his application on December 19, 2019. Tr. 17. The ALJ also found that Plaintiff suffered from the following severe impairments: multilevel degenerative disc disease of the lumbar spine, with listhesis; bilateral osteoarthritis of the knees; extreme obesity; major depressive disorder; and generalized anxiety disorder. *Id.* The ALJ concluded, however, that Plaintiff's severe impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 18.

After considering the entire record, the ALJ determined that Plaintiff had the RFC to perform sedentary work as defined in 20 C.F.R. § 416.967(a) with the following limitations:

> [Plaintiff] can: lift or carry up to 10 pounds occasionally; stand or walk up to two hours total in an 8-hour workday; sit up to six hours in a workday, with regularly schedules breaks. However, foot control operation with the right leg is limited to never, while

5

>   the left leg is limited to occasional. In addition, [Plaintiff] can: never climb ladders/ropes/scaffolds, never crawl, never kneel and never balance (as balancing is defined in the *Selected Characteristics of Occupations* (SCO)); and occasionally climb ramps/stairs, stoop and crouch. Overhead reaching is limited to occasional, bilaterally; while he is also limited to jobs that can be performed while using a walker, needed only for uneven terrain and prolonged ambulation. [Plaintiff] must also avoid all exposure to extreme cold. Moreover, he is limited to: low stress jobs, defined as simple routine job tasks and positions with no more than occasional changes in the work setting; and frequent interaction with the public, co-workers, and supervisors. Finally, he will be off task up to 5% of the workday, in addition to regularly scheduled breaks.

Tr. 20.

The ALJ found that Plaintiff had no past relevant work. Tr. 25. But the ALJ concluded that Plaintiff was not disabled because his age, education, work experience, and RFC allowed him to perform jobs existing in significant numbers in the national economy. *Id.* As such, according to the ALJ, Plaintiff had not been under a disability since his application date of December 18, 2019. Tr. 26.

## II.  PLAINTIFF'S ARGUMENT

Plaintiff makes two arguments for judgment in his favor. Dkt. 6–1, at 1. First, he argues that the ALJ erred at step five in failing to reconcile the vocational expert testimony with the dictionary of occupational titles. *Id.* at 12–17. Second, he argues that the ALJ included a highly specific RFC limitation that was not supported by substantial evidence. *Id.* at 17–20. For the reasons set forth below, Plaintiff's second argument has merit, and, as such, his motion is granted in part.

6

### III. ANALYSIS

If an ALJ includes a "highly specific" limitation in the claimant's RFC, that limitation cannot come from whole cloth. *See Tomicki v. Berryhill,* 2018 WL 703118, at *5 (W.D.N.Y. Jan. 15, 2018). To be sure, just because an ALJ includes a limitation with a percentage range or other descriptor in the RFC does not mean that the limitation is unsupported by substantial evidence. *See Johnson v. Colvin,* 669 F. App'x 44, 47 (2d Cir. 2016) (summary order) ("The fact that the ALJ assigned a particular percentage range (0-10%) to illustrate [Plaintiff's] limitation does not undermine the fact that the ALJ's finding was supported by substantial evidence."). But the ALJ cannot arrive at specific limitations untethered to the medical record. *See Balsamo v. Chater,* 142 F.3d 75, 81 (2d Cir. 1998).

The ALJ found that Plaintiff "will be off task up to 5% of the workday, in addition to regularly scheduled breaks." Tr. 20. Aside from incorporating this limitation into Plaintiff's RFC, the ALJ did not provide an explanation for this finding. The question then becomes whether the ALJ's 5% off task limitation was supported by substantial evidence.

The Commissioner concedes that, "the ALJ did not provide an explicit discussion of his off-task limitation when determining the RFC," but argues that the ALJ's "off-task limitation is consistent with his step three finding that Plaintiff had a moderate limitation in concentrating, persisting, or maintaining pace." Dkt. 7–1, at 9. In finding Plaintiff had moderate limitations in concentrating, persisting, and maintaining pace, the ALJ mentioned Plaintiff's function report where he reported

7

that he gets distracted easily. Tr. 19 (citing *id.* at 168). The ALJ additionally opined that Plaintiff's "treating mental status examinations generally showed he was alert with intact concentration/attention." Tr. 19 (citing *id.* at 488–611). But aside from a single mental status exam noting Plaintiff's memory and attention were intact, *id.* at 509, other mental status exams within that exhibit noted Plaintiff's thought content was preoccupied and obsessional, *id.* at 566, and thought process was tangential, *id.* at 550, 567. The ALJ also cited to the opinion of Susan Santarpia, Ph.D., who found Plaintiff had mild limitations in attention and concentration. Tr. 407. The ALJ determined that Dr. Santarpia's opinion was not persuasive because "[i]t was based on a one-time exam." Tr. 24.

Although the Commissioner mentions several opinions in the record that found Plaintiff had only mild mental limitations, Dkt. 7–1, at 7–9, the ALJ disagreed with those assessments and found them unpersuasive, Tr. 23–24.[4] While the ALJ's disagreement with those assessments is not problematic, because the ALJ is free to resolve conflicting evidence, *see Ramsey v. Comm'r of Soc. Sec.*, 830 F. App'x 37, 39 (2d Cir. 2020), none of those assessments was factored in the ALJ's

---

[4] In discussing the opinions of State Agency consultants D. Miller, DO, and A. Chapman, Psy.D., the ALJ found them to be both "somewhat persuasive," and "not persuasive." Tr. 23–24. Specifically, as to their finding that Plaintiff was "limited to a reduced range of light work," the ALJ opined that "[t]he opinions are somewhat persuasive." *Id.* at 23. When mentioning the consultant's assessments that Plaintiff had "only mild psychiatric limits," the ALJ found the opinions "not persuasive." *Id.* at 24.

decision as support for Plaintiff's five percent off-task limitation.[5] Additionally, none of those findings translates into a specific conclusion that Plaintiff would be off task for any percentage of time. *See, e.g., Matthew P. v. Comm'r of Soc. Sec.*, 2021 WL 2946411, at *3 (W.D.N.Y. Jul. 14, 2021) ("Other than noting various medical records where Plaintiff has differences in attention and concentration levels . . . neither the ALJ nor the Commissioner can point to anything in the record that suggests how much time Plaintiff would be off-task in a work setting due to his mental limitations.").

The ALJ's error is not harmless because the vocational expert testified that work would be precluded if Plaintiff were off-task 10% or more of the workday. Tr. 58. *See Cosynka v. Colvin*, 576 F. App'x 43, 46 (2d Cir. 2014) ("Because there is no substantial evidence for the ALJ's six-minute per hour formulation, and this formulation was crucial to the vocational expert's conclusion that there were jobs [the claimant] could perform, we cannot uphold the ALJ's decision to reject [his] claim for benefits."); *Tara W. v. Comm'r of Soc. Sec.*, 2021 WL 4316824, at *3 (W.D.N.Y. Sep. 23, 2021); *Edwards v. Comm'r of Soc. Sec.*, 2020 WL 4784583

---

[5] Although several opinions in the record found that Plaintiff had only mild mental limitations, *see* Tr. 71–81, 83–99, 406–09, the ALJ found all of those opinions unpersuasive, *id.* at 23–24. *See, e.g., Wouters v. Comm'r of Soc. Sec.*, 2020 WL 2213896, at *5 (W.D.N.Y. May 7, 2020) ("Because the ALJ here did not give controlling or substantial weight to any opinion that supported the RFC, it is unclear precisely where the [off-task] limitation set forth in the RFC came from and why they did not go further."). "Without some explanation" from the ALJ "as to the tether between [the] RFC and the . . . medical opinions or statements from plaintiff, the RFC appears to be based upon [the ALJ's] lay opinion of plaintiff's limitations, which is not permitted and requires remand." *Jordan v. Berryhill*, 2018 WL 5993366, at *5 (W.D.N.Y. Nov. 15, 2018).

(W.D.N.Y. Aug. 18, 2020) (noting that the percent of off-task time was "absolutely critical" to the disability determination where the vocational expert testified that, if the off-task time was ten percent or more, the limitation would be "work preclusive" and accordingly "the Court cannot say that the ALJ's failure to tether the percent of off-task time to evidence in the record was harmless error.").

In sum, because the ALJ did not tether the record evidence to the five percent off-task determination in his analysis, it remains unclear why Plaintiff's limitations warranted only that off-task percentage.[6] Thus, remand on this issue is required. *Matthew G. v. Comm'r of Soc. Sec.*, 2024 WL 48301, at *5 (W.D.N.Y. Jan. 4, 2024) ("In addition to failing to support this highly specific RFC finding with medical opinion evidence, the ALJ also failed to provide any other explanation or any citation to medical evidence in the record to support the ten percent off-task limitation.").

---

[6] Because the Court has determined that remand for further administrative proceedings is necessary, the Court declines to reach the other issues raised by Plaintiff in support of remand. *See, e.g., Bell v. Colvin*, 2016 WL 7017395, at *10 (N.D.N.Y. Dec. 1, 2016) (declining to reach arguments "devoted to the question whether substantial evidence supports various determinations made by [the ALJ" where the court had already determined remand was warranted); *Morales v. Colvin*, 2015 WL 13774790, at *23 (S.D.N.Y. Feb. 10, 2015) (the court need not reach additional arguments regarding the ALJ's factual determinations "given that the ALJ's analysis may change on these points upon remand"), *adopted*, 2015 WL 2137776 (S.D.N.Y. May 4, 2015).

## CONCLUSION

For the reasons stated above, the Court **GRANTS** in part and **DENIES** in part Plaintiff's motion for judgment on the pleadings (Dkt. 6–1), and **DENIES** the Commissioner's cross-motion for judgment on the pleadings (Dkt. 7–1). The decision of the Commissioner is **VACATED**, and the matter is **REMANDED** for further administrative proceedings consistent with this decision.

SO ORDERED.

Dated:   April 29, 2025
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE